ANNA P. PARSAN, as Administratrix of the Estate of
ANTON PARSAN, Deceased, Respondent, *v.* CHARLES O.
JOHNSON, Defendant, and NEW YORK BREWERIES
COMPANY, LIMITED, Appellant.

Negligence — collapse of building while floors were being
reconstructed — action against owner for death of employee of
contractor — erroneous charge as to liability of owner.

A building in which a new first floor was being constructed by a
contractor for the lessee, a brewing company, collapsed because
the floor beams of the second floor, which was being used by the
company for carrying a heavy load, were decayed at the ends
where they rested in the brick walls. The beams had not been
shored up at the walls because no one knew that the ends were rot-
ten. The ends were not visible and no examination had been made
either by the contractor or the company. An employee of the con-
tractor was killed by the fall of the building. Upon the trial of an
action for his death, brought against the company and the con-
tractor, a verdict against each was recovered but the trial court set
aside the verdict as against the contractor and the action against
him has been discontinued. Upon the trial the court charged the
jury "That to render the Breweries Company liable for the
injuries to the deceased caused by the defective or dangerous con-
dition of the building, it was not necessary for the plaintiff to show
actual negligence on the part of the owner. It is enough that the
plaintiff show that the owner permitted another to place the
premises in such a condition as to cause the injury and death of
the deceased." *Held*, error; that the defendant company can be
held liable in this action only on the ground of its own negligence.
*Parsan* v. *Johnson*, 150 App. Div. 929, reversed.

(Argued April 4, 1913; decided April 29, 1913.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered June 27, 1912, affirming a judgment in favor of
plaintiff entered upon a verdict.

The nature of the action and the facts, so far as
material, are stated in the opinion.

22

*Abraham Benedict* and *Samuel Untermeyer* for appellant. The trial court erred in denying the motion of the breweries company for a nonsuit at the close of the evidence. (*Hickok* v. *A. L. H. & P. Co.*, 200 N. Y. 464; *Butler* v. *Huter*, 7 H. & N. 726; *McCafferty* v. *S. D. & P. M. R. R. Co.*, 61 N. Y. 178; *Engel* v. *Eureka Club*, 137 N. Y. 100; *Burke* v. *Ireland*, 166 N. Y. 305; 1 Thompson's Comm. on Neg. §§ 624, 625, 680, 979; *Sartirana* v. *N. Y. C. Nat. Bank*, 139 App. Div. 597; *White* v. *Mayor, etc.*, 15 App. Div. 440; *Boardman* v. *Creighton*, 95 Me. 154; *Negus* v. *Becker*, 143 N. Y. 303; *Berg* v. *Parsons*, 156 N. Y. 109; *Connors* v. *Hennessey*, 112 Mass. 96.) The trial court erred in its charge to the jury and in refusing requests submitted by the appellant. (*Cullom* v. *McKelvey*, 26 App. Div. 46; *Callan* v. *Pugh*, 54 App. Div. 545; *Floettl* v. *Third Avenue R. R. Co.*, 10 App. Div. 308; *Dillon* v. *Sixth Avenue R. R. Co.*, 16 J. & S. 283; 97 N. Y. 627; *Ryder* v. *Kinsey*, 62 Minn. 85; *Schip* v. *Pabst Brew. Co.*, 64 Minn. 22.)

*Michael Martin Dolphin* and *Emanuel G. Bullard* for respondent. The long-continued condition of decayed and defective timbers and beams throughout the building and the necessity for the very work in progress when the building fell was sufficient to give the appellant emphatic warning and unmistakable notice of the unsafe condition of the building and the danger of overloading the upper floors. (*McRickard* v. *Flint*, 114 N. Y. 222; *Racine* v. *Morris*, 136 App. Div. 470; 201 N. Y. 240; *Butler* v. *Hunter*, 7 H. & M. 726; *McCafferty* v. *R. R. Co.*, 61 N. Y. 178.) It was the duty of the appellant to maintain its building in such a condition that persons whom they invited upon the premises should not be injured by any defect in the building; whether such care required inspection, posted notices, lighter loads, temporary abandonment or other action was a question for the jury. (*Homer* v. *Everett*, 15 J. & S. 298; 91 N. Y. 641; 1 Addi-

son on Torts [6th ed.], 390; *Vincett* v. *Cook*, 4 Hun, 318; 6 T. & C. 562; *Mullin* v. *St. John*, 57 N. Y. 567; *McCabe* v. *O'Connor*, 4 Hun, 357; *Eccles* v. *Darragh*, 16 J. & S. 528; *Howell* v. *Henderson*, 22 App. Div. 557; *Lusk* v. *Peck*, 132 App. Div. 426; *Fox* v. *Buffalo Park, etc.*, 21 App. Div. 321; *Barrett* v. *Lake Ontario Imp. Co.*, 68 App. Div. 601; 174 N. Y. 310; *Wand* v. *Hill*, 125 App. Div. 587; *San Fillippo* v. *A. B. Co.*, 112 App. Div. 365; *Glassman* v. *Surpless*, 53 Misc. Rep. 586.)

CUDDEBACK, J. The plaintiff in this action, suing as administratrix, has recovered damages for the death of her husband, occasioned by the negligence of the defendant, the New York Breweries Co.

The defendant was in the occupation as lessee of a building used in connection with its business of brewing beer. The building was three stories in height, with a cellar beneath. On each story were vats and tanks where beer, conducted by pipes from an adjoining building, was allowed to ferment and settle. When this process was completed the beer was run to casks in the cellar.

The building was an old structure fifty feet in front on the street and sixty feet deep. The walls were of brick and the floors and floor beams were wood. Two heavy wooden girders running the entire depth of the building supported each floor. The floors were covered with waterproofing material, and the walls and ceiling of each story were insulated to maintain a cool temperature.

In October, 1907, the floor beams of the first story were so badly decayed that the defendant decided to put in a new floor. Accordingly a contract was made by the defendant with one Johnson, whereby Johnson agreed to " provide all the materials and perform all the work for the removal of the present floor and insulation beneath, in stockroom at 10 Ave. Bldg. and replace same with iron beams, columns, brick arches and cement flooring on top, all shoring of upper floors to be done by contractor, owner

to remove all pipes, beer vats, etc. in cellar and first floor of center section which will be necessary to perform above work, as shown on the drawing and described in the specifications prepared by L. C. Smith, architect."

It is admitted by both parties to the action, though no mention is made thereof in the contract, that during the progress of the work under the agreement the defendant had the right to use the second and third floors of the building in the course of its business.

There was evidence to show that the floor beams under the second story were badly rotted at the end where they rested on the wall of the building, and that the defendant had made no inspection to ascertain their condition. But the beams were not exposed to view, and it is not claimed by the plaintiff that the defendant had any knowledge that they were decayed.

After the contract was made the necessary shoring was done, assuming there were no rotten beams under the second story. Then, on January 7, 1908, while the workmen were engaged in removing one of the first floor girders, the building collapsed. The contents of the second and third stories, the roof, and a part of the walls, and the upper floors of the building, fell into the cellar; several persons were injured — among others, the plaintiff's intestate, who was a carpenter, employed by one of Johnson's sub-contractors. He died from his injuries.

The action was brought against both the breweries company and Johnson, the contractor, and a verdict against each recovered. The trial court set aside the verdict as against Johnson, and the action against him has been discontinued. The Appellate Division affirmed the judgment entered on the verdict against the defendant the breweries company.

The question arises at this point: What duty, if any, did the defendant assume when he made this contract to safeguard those employed in the work contemplated?

The work to be done under the contract was not intrin-

sically dangerous. It could have been performed with perfect safety. Johnson, the contractor, who undertook to shore the upper stories, testified that if he had known the beams of the second floor were rotten at the end, the usual and proper practice would have been for him to shore up close to the wall.

It was said by Judge ANDREWS in *Engel* v. *Eureka Club* (137 N. Y. 100, 105): "If the act to be done may be safely done in the exercise of due care, although in the absence of such care injurious consequences to third persons would be likely to result, then the contractor alone is liable, provided it was his duty under the contract to exercise such care." (See, also, *Burke* v. *Ireland*, 166 N. Y. 305; *Negus* v. *Becker*, 143 N. Y. 303.) Judge ANDREWS was speaking of injuries to strangers to the contract. The rule has been extended to work intrinsically dangerous in cases where the person injured was engaged under the contractor in performing the very work required by the contract. (*Schip* v. *Pabst Brew. Co.*, 66 N. W. Rep. 3.)

The plaintiff, to distinguish these cases from the one before the court, argues that the architect named in the contract was incompetent and that his plans were defective. But the proof is that the building fell before the work reached the stage where the plans became operative.

The case, however, differs from those cited in that the defendant had the right to make use of a part of the building while the contractor's work was going on. The defendant could use the tanks and vats on the second and third floors in the process of brewing. It is plain to me that this right of the defendant was to be exercised only with regard to the actual condition of the building. That is, with regard to the decayed floor beams, whether the defendant knew of their condition or not if it would have been disclosed on reasonable inspection. The defendant, therefore, owed to Johnson and his employees the duty of not increasing the hazard of their work through

its use of the upper floors of the building. (*Berg* v. *Parsons*, 156 N. Y. 109.)

Upon this branch of the case there is evidence from which the jury might have found that the defendant violated its duty by keeping a large quantity of beer stored in the tanks and vats on the second and third stories of the building during the fermenting and settling process, and that the strain on the rotten floor· beams under the second floor was thereby increased and caused them to give way.

The claim of the defendant is that Johnson by his contract undertook to shore the upper stories of the building and it was his duty to inspect the structure and ascertain what shoring was required. If the beams under the second floor were weakened by decay, inspection by Johnson would have shown him their condition, and he should then have given them proper support. If Johnson himself had been injured through his neglect to shore the decayed beams he would have had no cause of action against the defendant. The claim of the defendant further is that the persons employed under Johnson or his sub-contractors stood in the same relation to the defendant that Johnson did; that his neglect was their neglect, and they have no cause of action against the defendant for injuries received while aiding in the performance of the contract. All this may be true, but we have the additional fact found that the defendant unreasonably increased the load on the second floor timbers and thereby contributed to the accident.

While, under these conditions, Johnson's neglect might have defeated a recovery against the defendant on his part, his employees are in a different position. If the defendant was negligent, then the fact that Johnson was also negligent helps the defendant not at all. It is the ordinary case of an injury resulting from the concurrent negligence of two persons for which both are liable. (*Webster* v. *Hudson River R. R. Co.*, 38 N. Y. 260; *Simmons*

v. *Everson*, 124 N. Y. 319; *Colegrove* v. *N. Y. & N. H. R. R. Co.*, 20 N. Y. 492.)

The defendant also contends, on a review of the evidence, that the building fell because Johnson prematurely cut one of the girders under the first floor. Even though the jury might have found with the defendant on that proposition, the defendant is not relieved from liability if it was also found that the defendant's negligence contributed to the accident.

The verdict of the jury, resting on sufficient evidence, was against the defendant, and the judgment appealed from would have to be affirmed but for an error in the judge's charge.

The court charged the jury " That to render the Breweries Company liable for the injuries to the deceased caused by the defective or dangerous condition of the building, it was not necessary for the plaintiff to show actual negligence on the part of the owner. It is enough that the plaintiff show that the owner permitted another to place the premises in such a condition as to cause the injury and death of the deceased."

The charge was plainly erroneous. The defendant can be held in this action only on the ground of its negligence. The question of the defendant's negligence was a close one, and it was extremely prejudicial for the court to say to the jury that the defendant, although not negligent itself, was liable for the acts of Johnson, an independent contractor. The court seems to have regarded the work undertaken as intrinsically dangerous, and the plaintiff's intestate as a person not connected with the performance of the work who was injured through Johnson's negligence. It is sufficient to say that under the proof the repairs to the building could have been made with entire safety. The case in which Judge ANDREWS wrote, and the other cases before cited, establish the rule that, under such conditions, the owner assumes no liability for negligence of the contractor, even

when a stranger to the contract is injured.   I regard the error in the charge as of sufficient gravity to require a reversal of the judgment.

I, therefore, recommend that the judgment appealed from be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK, CHASE and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment reversed, etc.