(93 Misc. Rep. 57)

BRENNAN v. GEORGE L. WALKER CO. et al.

(Supreme Court, Appellate Term, First Department. December 20, 1915.)

MASTER AND SERVANT ⬮⟶318—INDEPENDENT CONTRACTORS—LIABILITY.

A contractor, constructing a building, is not liable for injuries to workmen caused by mere negligence of a subcontractor, unless he participates in and exercises control over the manner of doing the work, even though he has knowledge of the negligence; but he is liable if the negligent

⬮⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

manner of doing the work is unlawful, since negligence is imputed to one who knowingly permits his subcontractor to act unlawfully.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1257, 1258; Dec. Dig. ☜318.]

Appeal from City Court of New York, Trial Term.

Action by William Brennan against the George L. Walker Company and another. From a judgment for plaintiff against the company, defendants appeal. Reversed, and new trial ordered.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Floyd K. Diefendorf, of New York City (Floyd K. Diefendorf and James F. Donnelly, both of New York City, of counsel), for appellants.

Armstrong & Keith, of New York City (John S. Keith, of New York City, of counsel), for respondent.

GUY, J. Defendant appeals from a judgment in favor of plaintiff in an action for personal injuries. Plaintiff was employed as a plasterer by one McDermott, a subcontractor, in the construction of an addition to a church building, for which work the defendant Walker Company was the general contractor, subcontractor McDermott's work having only to do with the plastering. While so engaged at work a ceiling, which had been constructed by another subcontractor, and upon which plaintiff was engaged in doing plastering work, fell, injuring plaintiff.

Evidence was introduced by the plaintiff tending to show that the ceiling constructed by the other subcontractor had been constructed in violation of the rules of the bureau of buildings, and that the defendant Walker Company, through its representatives, not only had knowledge of the manner in which said work was unlawfully done, but actually participated in exercising control and direction over the manner in which it was done. Evidence in contradiction thereof was presented by the defendant company. On all the evidence there were three issues for the jury: First, whether the work of constructing the ceiling was done in an unlawful manner; second, whether the defendant Walker Company participated in and exercised control and direction over the manner in which such work of construction was done; third, whether, if the work was done in an unlawful manner, the defendant Walker Company had knowledge of the fact that the work was being done in violation of law and permitted said work to proceed in an unlawful manner.

It is well established by the authorities that ordinarily a general contractor, who sublets part of the work of construction on a building, relinquishing the right of control and direction over the work so sublet, and exercising only such general superintendence as is necessary to see that the subcontractor duly performs his contract, is not liable for any merely negligent acts of the subcontractor, and that mere knowledge that the work is being done in a negligent manner by the subcontractor is not sufficient to charge the general contractor therewith, unless he actually participates in and exercises control and di-

rection over the manner in which the work is done. Parsan v. Johnson, 208 N. Y. 337, 101 N. E. 879. If, however, the work is done not merely in a negligent manner, but in violation of law, and the general contractor has knowledge of the violation of the law during the progress of the work, makes no objection, and does nothing to endeavor to cause the work to be performed in a lawful manner, he is liable, as a joint tort-feasor, with the subcontractor, for injuries resulting from such violation of law.

"He is not at liberty to stand by, with knowledge of the breach of law, and escape liability merely because the actual work is being done by another, whether such other be an independent contractor or an agent for whose doings he would, in general, be responsible." Pitcher v. Lennon, 12 App. Div. 356, 42 N. Y. Supp. 156; Burke v. Ireland, 26 App. Div. 487, 50 N. Y. Supp. 369; Haenschen v. Allison Realty Co. and Roebling Con. Co., 124 App. Div. 920, 108 N. Y. Supp. 1134, affirmed 194 N. Y. 533, 87 N. E. 1120.

The courts have invariably held that every person violating a statute is a wrongdoer, negligent in the eyes of the law, and that any innocent person injured by such violation, if it be the proximate cause of the injury, may, in a proper case, recover damages from employer and contractor jointly or severally; it not being in the power of an owner or general contractor to escape liability by making a contract with another to commit the wrong for him.

In submitting the case to the jury, the trial judge, under exception by defendant's counsel, charged the jury as follows:

"If you find this defendant knew this work was done in an improper manner, you have a right to hold, not only the subcontractor, but also the contractor, liable for damages."

This charge was clearly erroneous under the rule laid down in Parsan v. Johnson, supra, unless the jury found on all the evidence that the defendant Walker Company had actual or presumptive knowledge that the construction work upon the ceiling was being done in violation of the rules of the bureau of buildings. This fact was not conclusively established by the evidence, but was one of the issues, on conflicting evidence, which it was the duty of the jury to determine. Mere knowledge on the part of the defendant that the work was being done in an improper manner was not sufficient to charge the defendant with negligence, though knowledge that it was being done in an unlawful manner would be sufficient to render the defendant liable therefor. The language of the charge in this regard was therefore highly prejudicial, and might well lead the jury to believe that the mere knowledge that the work was being done negligently would render the defendant liable, even though defendant committed no affirmative act of superintendence and exercised no control or direction over the work, and even though the work was not done in violation of law.

Again, the court was asked by the defendant to charge:

"That the defendant George L. Walker Company is not responsible for and cannot be held to respond in damages for any negligent act or omission on the part of the defendant McDermott, his servants, agents, or employés."

To which the court replied:

"I decline to charge in that language. I will charge, *unless he knew of any negligent act or omission.*"

To this refusal and modification of the request, defendant excepted. This ruling was prejudicial, and constitutes reversible error.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.