■ VINCENT PELLONE, Appellant, v STRATFORD TOWER, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. UNITED FABRICATED METALS CO., INC., Third-Party Defendant, et al., Defendant and Third-Party Plaintiff.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 23, 1973, which is in favor of respondents, upon the trial court's grant of their motion to set aside the jury verdict in favor of plaintiff and to dismiss the complaint, after a trial limited to the issue of liability only. Judgment reversed, with costs to plaintiff, payable by respondents; respondents' motion denied, jury verdict reinstated, and action remanded to Trial Term for further proceedings not inconsistent herewith. Plaintiff, an employee of United Fabricated Metal Products, Inc., a subcontractor, was injured while working at the bottom of an elevator shaft in the respondents' building when he was struck by a descending elevator. The proof in the record establishes that one Torres, the superintendent of the building, had possession of the key with which to turn off the power in the elevator. Nevertheless, he relied on the assurances of plaintiff's foreman that the latter would hold the door of the elevator open to keep it from moving. Though the plaintiff's foreman was negligent in failing to keep the elevator door open, the superintendent was also negligent in failing to switch the power off. Hence, the case falls into the category of concurrent negligence of

both the defendants and the plaintiff's employer. "While, under these conditions, Johnson's [plaintiff's employer's] neglect might have defeated a recovery against the defendant on his part, his employees are in a different position. If the defendant was negligent, then the fact that Johnson was also negligent helps the defendant not at all. It is the ordinary case of an injury resulting from the concurrent negligence of two persons for which both are liable" *(Parsan v Johnson,* 208 NY 337, 342; cf. *Maia v Security Lbr. & Concrete Co.,* 160 Cal App 2d 16; *Kucken v Hygrade Food Prods. Corp.,* 51 Mich App 471). The situation is thus distinguishable from that arising through the negligent conduct of a contractor as a detail of the work (see, e.g., *Rusin v Jackson Hgts. Shopping Center,* 27 NY2d 103). Accordingly, it was error for the trial court to set aside the verdict and dismiss the complaint, as a matter of law, since "Reasonable men might not unreasonably say that it was a peril of this order that laid the plaintiff low" (see *Caspersen v La Sala Bros.,* 253 NY 491, 495). However, the issues of contractual and common-law indemnity, not having been submitted to the jury or decided by the court, remain for determination, and the action has consequently been remanded for further proceedings. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.