**Agnella ROESSLER, Individually and Administratrix of the Estate of George A. Roessler, Jr., Appellants–Plaintiffs,**

v.

**Floyd James MILBURN, Larry Brooks and Scott County**

No. 10A04–9703–CV–100.

Court of Appeals of Indiana.

March 31, 1998.

E. Davis Coots, Matthew L. Hinkle, Coots, Henke & Wheeler, Carmel, for Appellants–Plaintiffs.

Edward J. Liptak, Douglas A. Hoffman, Miller Carson Boxberger & Murphy, L.L.P., Bloomington, for Appellees–Defendants.

## OPINION

RATLIFF, Senior Judge.

Agnella Roessler appeals the trial court's grant of summary judgment in favor of Scott County Sheriff John Lizenby.

Affirmed.

## FACTS

Larry Brooks was an auto mechanic who repaired police vehicles belonging to the Scott County Sheriff's Department. Brooks was not a police officer, but he drove these vehicles from time to time. On August 12, 1994, Brooks was driving a police vehicle on which he had been performing mechanical work. While he was heading South in the left lane of Interstate 65, he approached a slow-moving vehicle which was also heading South. Brooks activated the police vehicle's emergency lights, and the slow-moving vehicle apparently stopped in the left lane. Brooks moved to the right lane and passed the stopped vehicle.

Roessler and her husband approached the stopped vehicle while they were traveling in Roessler's car on Interstate 65 South. Roessler's husband was driving the car, and, in an attempt to avoid colliding with the stopped vehicle, he reduced the car's rate of speed. Roessler's car was then hit from behind by the vehicle of Floyd Milburn. The collision between Roessler's car and Milburn's vehicle resulted in the death of Roessler's husband.

On October 27, 1994, Roessler filed a Complaint for Wrongful Death and Request for Trial by Jury. This complaint, which was later amended, named Brooks and Milburn as defendants.

In her second amended complaint, Roessler named Sheriff Lizenby as a defendant. This complaint alleged that Brooks "had on prior occasions engaged the emergency lights and/or siren" on police vehicles he had been permitted to use; that Lizenby knew Brooks had previously engaged police vehicle emergency lights and siren; that, at the time of the fatal auto collision, Brooks was driving the police vehicle with Lizenby's knowledge and consent; and that Lizenby "negligently allowed Larry Brooks to operate a Scott County Sheriff Department vehicles [sic], knowing that [Brooks] had a history of engaging the emergency lights and siren, while using said vehicles[.]" R. 38–39. This second amended complaint further alleged that Lizenby's negligence was among the causes of the collision between Roessler's car and Milburn's vehicle, and that Roessler suffered injury as a result of Lizenby's negligence.

On August 28, 1996, Lizenby moved for summary judgment on the claims contained in Roessler's second amended complaint. A hearing on this motion was held on October 28, 1996. After this hearing, Lizenby's motion was granted.

## STANDARD OF REVIEW

■ This court stands in the shoes of the trial court when it reviews the grant or denial of a summary judgment motion. *Anderson v. Yorktown Classroom Teachers Ass'n,* 677 N.E.2d 540, 543 (Ind.Ct.App.1997). A grant of summary judgment may be affirmed upon any theory which the designated materials support, *Landau v. Bailey,* 629 N.E.2d 264, 266 (Ind.Ct.App.1994), "and we are not limited to reviewing the trial court's reasons for granting summary judgment." *Claxton v. Hutton,* 615 N.E.2d 471, 473 (Ind. Ct.App.1993). When the designated materials show that there are no material issues of fact and that the movant is entitled to judgment as a matter of law, the grant of a summary judgment motion will be affirmed.

*See id.* We construe the evidence in the nonmovant's favor, and doubts regarding the existence of a genuine issue are resolved against the proponent of the motion. *See Hoffman v. Dunn,* 496 N.E.2d 818, 820 (Ind. Ct.App.1986).

## DISCUSSION

### I. Parties' Contentions

Lizenby claims that Roessler is attempting to hold him vicariously liable for the acts of Brooks. Lizenby argues that the following provision of the Indiana Tort Claims Act immunizes him from liability on Roessler's vicarious liability claim:

A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from:

. . . .

the act or omission of anyone other than the governmental entity or the governmental entity's employee[.]

Ind.Code § 34–4–16.5–3(9).

Roessler claims that she is not seeking to hold Lizenby vicariously liable for Brooks' acts; rather, Roessler claims that she is seeking to hold Lizenby liable for his own act of negligence. Specifically, Roessler claims that Lizenby has incurred liability on a theory of negligent entrustment. Roessler argues that, because she is seeking to hold Lizenby liable for his own negligence, Indiana Code Section 34–4–16.5–3(9) does not shield Lizenby from liability.

Both parties invite us to decide whether Indiana Code Section 34–4–16.5–3(9) shields Lizenby from liability to Roessler. As we will discuss below, however, Lizenby is entitled to judgment as a matter of law because the designated materials fail to show that he could be liable to Roessler on a theory of negligent entrustment. We therefore do not address whether Indiana Code Section 34–4–16.5–3(9) immunizes Lizenby from liability to Roessler.

### II. Negligent Entrustment

Roessler argued to the trial court that Lizenby's "negligent act of entrusting Larry Brooks with the police vehicle, when [Lizenby] knew of Larry Brooks' history of engaging the police vehicle's emergency lights and sirens and when Larry Brooks had a de-plorable driving record, exhibited a failure to exercise reasonable care. . . ." R. 69.

To establish a claim for negligent entrustment of a vehicle, it must be shown that the defendant entrusted the vehicle to a driver with knowledge that the driver was incompetent to drive. *Johnson v. Owens,* 639 N.E.2d 1016, 1022 (Ind.Ct.App.1994). One is incompetent to drive if he is incapacitated, uninstructed in the vehicle's use, or unfamiliar with the dangers of using the vehicle. *Stocker v. Cataldi,* 489 N.E.2d 144, 145 (Ind.Ct.App.1986). For a party to incur liability, he must have actual and immediate knowledge that the driver is unfit to drive at the time of entrustment. *Johnson,* 639 N.E.2d at 1022 (citing *Sutton v. Sanders,* 556 N.E.2d 1362, 1365 (Ind.Ct.App.1990)).

Roessler has failed to put forth evidence which shows that Lizenby had actual and immediate knowledge of Brooks' incompetence to drive. According to deposition testimony contained in Roessler's designated materials, Lizenby may have heard that Brooks activated emergency lights while driving a police vehicle. Other deposition testimony designated by Roessler indicates that Lizenby may have known Brooks had been operating police vehicles "in a police manner." R. 90. None of this testimony shows that Lizenby knew Brooks was incapacitated, was uninstructed in police vehicle use, or was unfamiliar with the danger of using a police vehicle. Absent such a showing, Lizenby could not incur liability for negligent entrustment.

Construing all the evidence in favor of Roessler, we find that there is no genuine issue of material fact. We also find that Lizenby is entitled to judgment as a matter of law, because the designated materials fail to show that Lizenby could be liable to Roessler on a theory of negligent entrustment. Summary judgment was therefore properly entered in favor of Lizenby.

Affirmed.

SHARPNACK, C.J., and DARDEN, J., concur.