## MARTIN ET AL. v. LILLY.

[No. 23,297. Filed January 7, 1919. Rehearing denied March 11, 1919.]

1. MASTER AND SERVANT.—*Liability for Agent's Acts.*—*Relation of Parties.*—Where an automobile was returned to the owner's residence after repairs had been made and the owner permitted the repairman to drive it back to the garage, accompanied by the owner's son, who was to return it, the car on such trip was not used in the defendant's business so as to make him liable for injuries to a passenger in another vehicle with which the automobile collided. p. 141.

2. HIGHWAYS.—*Use of Automobiles.*—*Care.*—*Dangerous Instrument.*—An automobile is not a "dangerous instrument," and the legal rules are applicable to it in the same manner as to other vehicles. p. 143.

3. HIGHWAYS. — *Use of Road.* — *Duty of Automobile Driver.*— *Jury Question.*—The driver of an automobile is required to use the care that an ordinarily prudent person would exercise under like circumstances, and whether he must keep a constant lookout for pedestrians and for other vehicles under given circumstances is for the jury to determine.    p. 144.

4. NEGLIGENCE.—*Due Care.*—*Jury Question.*—Whether the conduct of an automobile driver under given circumstances constitutes the care that an ordinarily prudent person would exercise under like circumstances is a question for the jury.    p. 144.

5. TRIAL.—*Instructions.*—*Cure of Error.*—An instruction that erroneously stated it to be the duty of an automobile driver to keep a "constant lookout" for pedestrians and for other vehicles could not be cured by other instructions stating the correct rule as to the care required.    p. 144.

6. JURY.—*Examination.*—*Discretion.*—The examination of jurors on the *voir dire* to determine whether peremptory challenge shall be used is largely in the discretion of the trial court, and is limited by the good faith of the examining attorney.    pp. 144, 145.

7. TRIAL.—*Conduct of Counsel.*—*Reference to Insurance.*—In an action for injuries sustained by the plaintiff in a collision with the defendant's automobile, it was error for the plaintiff's counsel to offer in the presence of the jury to prove that the defendant carried indemnity insurance and that his counsel were employed by the insurance company.    p. 144.

8. APPEAL.—*Harmless Error.*—*Misconduct of Counsel.*—*Cure of Error.*—In an action for injuries sustained by the plaintiff in a collision with the defendant's automobile, the misconduct of the plaintiff's counsel in offering to prove in the presence of the jury that the defendant carried indemnity insurance and that his counsel were employed by the insurance company, was not cured by an instruction that the defendant was not liable unless the car was being used in his business at the time of the accident.    p. 146.

From Warrick Circuit Court; *R. E. Roberts,* Judge.

Action by Martin W. Lilly against Richard E. Martin and others. From a judgment for the plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Albert W. Funkhouser, Arthur Funkhouser, Robert*

*D. Markel, Albert C. Funkhouser, James T. Walker* and *Henry B. Walker,* for appellants.

*Robinson & Stilwell* and *Swan & Mason,* for appellee.

TOWNSEND, J.—Appellee, while riding on the rear seat of a motorcycle owned and operated by one Kale, collided with an automobile owned by appellant Richard W. Martin. The automobile at the time was being driven by appellant Joseph Schofield, who was accompanied by Richard Martin, infant son of appellant Richard W. Martin. Appellee obtained a verdict and judgment against the two Martins and Schofield for personal injuries caused by this accident.

The errors claimed are presented by motion for a new trial. They may be considered under three topics: (1) The verdict is not sustained by sufficient evidence, particularly as to appellant Richard W. Martin, the owner of the automobile. (2) Error in giving and refusing instructions. (3) Misconduct of appellee's counsel while examining jurors on the *voir dire.*

So far as the first question is concerned, the allegation in the complaint is that the automobile was being driven at the time of the accident by Martin, a son of the owner, and by appellant Schofield "for and on behalf of and in the business of the said defendant Richard W. Martin."

The evidence shows that appellant Richard W. Martin lives five or six miles from Evansville, Indiana, and about three and one-half miles from the scene of

1. the accident; that he is a farmer and road contractor; that he bought the automobile in question for the use of the family, which consisted of two sons and a wife, and also for use in his business as road contractor; that he himself did not drive the car; that when he used it his son (the Richard Martin in this suit) drove it for him; that the car for about three

weeks previous to the accident had been in a garage in Evansville for repairs; that the appellant Schofield, who had been or was a neighbor boy in the community where Martin lived, was a repair man working in this garage; that on the day of the accident appellant Schofield and the boy, Richard Martin, worked on the car in the garage in Evansville, putting on a starter and generator, which had during the previous three weeks been sent to the factory for repairs; that when they finished they drove the car out to appellant Richard W. Martin's home; that Schofield wanted Richard W. Martin to ride in the car to see that it was all right; that Richard W. Martin said he would take Schofield's word for it and did not want to see the car tried out; that Schofield and young Martin had agreed on the way out from Evansville that young Martin would bring young Schofield back in the car if his father would let him; that when young Martin asked, the father refused and said that Schofield should stay all night; that Schofield then said that he had to be back in the garage in Evansville that night; that then appellant Richard W. Martin said: "All right then, if you have to go you can take the car"; that Schofield, who was at the steering wheel at the time of this conversation, drove the car back towards Evansville and was driving the car at the time of the accident; that young Martin accompanied him in the car and was in the car at the time of the accident; that when they reached a point three and one-half miles from Richard W. Martin's home, going west on Lincoln avenue, they attempted to turn south on Weinbach avenue, and at this corner collided with the motorcycle in question, which was coming east on Lincoln avenue; that as a result of the collision appellee, who was riding on the rear seat of the motorcycle, suffered the injuries complained of.

This evidence not only does not sustain, but flatly con-

tradicts, the allegation in the pleading. The car was being driven by, "for, and on behalf of" Joseph Schofield in his business and for his accommodation.

At first the courts, like the horses, seemed to be afraid of automobiles and were inclined to stretch the rule of *respondeat superior* and to hold the owner liable on one pretext or another whether the driver was acting for the owner or not. This departure from the reasonable and practicable rule, that the principal shall respond in damages for the torts of his agent only when the agent is acting for the principal, soon led to absurdities and injustice. And courts have been sitting up nights writing volumes to get back to the correct rule. Witness: *Hays* v. *Hogan* (1917), 273 Mo. 1, 200 S. W. 286, L. R. A. 1918C 715, and cases there cited, discussed, distinguished, analyzed and overruled. If the reader is not surfeited when he has examined this authority, then see *Reilly* v. *Connable* (1915), 214 N. Y. 586, 108 N. E. 853, L. R. A. 1916A 954, Ann. Cas. 1916A 659; *Luckett* v. *Reighard* (1915), 248 Pa. St. 24, 93 Atl. 773, Ann. Cas. 1916A 662; *Smith* v. *Burns* (1914), 71 Ore. 133, 135 Pac. 200, 142 Pac. 352, L. R. A. 1915A 1130, Ann. Cas. 1916A 666; *Janik* v. *Ford Motor Co.* (1914), 180 Mich. 557, 147 N. W. 510, 52 L. R. A. (N. S.) 294, Ann. Cas. 1916A 669, and notes appended to these cases in Annotated Cases 1916A.

An automobile is not a dangerous instrument.
2. The rules of law are applied to it in the same manner as to other vehicles. (Authorities above.)

The verdict in this case was not sustained by sufficient evidence, so far as the appellant Richard W. Martin is concerned.

We now come to the instructions. Among other instructions given at the request of appellee, we find this: "No. 8. It is the duty of the driver of an automobile while driving the same upon a public highway to be

*constantly on the lookout for* pedestrians and other persons or vehicles that may at the time be making use of the highway. And if you believe from the evidence that the driver of the automobile did not keep a *constant lookout* while so driving said automobile and that because of such failure on his part the accident here in question occurred, then the court instructs you that you would be authorized to find such driver negligent." ·

This instruction is erroneous. The driver of this automobile was required to use the care which an ordinarily prudent person would exercise in like circumstances. This is the care required by law. Whether conduct in a given set of circumstances measures up to this, is for the jury. The jury must be permitted to determine whether this care requires "constant lookout" or something else, in circumstances shown by the evidence.

When such an instruction as No. 8 is given, it cannot be cured by others which state the rule correctly; because, every time the court tells the jury in other instructions that the driver is required to use the care that an ordinarily prudent person would exercise in like circumstances, the jurors, if obedient to the oath, are bound to observe that this means "constant lookout."

In this case the regular panel of twelve jurors appeared and were examined. One was excused peremptorily by the appellee. Of the thirteen jurors examined, none owned an automobile and none a motorcycle. Each was asked whether he had any interest in the American Automobile Insurance Company of St. Louis, Missouri. An objection was made by appellants' counsel to this question upon the ground that it was intended and tended to prejudice the jurors. Appellee's counsel, in the presence of the jury, offered to prove that appellant Richard

W. Martin had indemnity insurance on his automobile. Appellants' counsel objected to this offer and asked that it be not made in the presence of the jury.    Later on in the examination of jurors, when questions were asked and objected to, counsel for the appellee offered to put the appellant Richard W. Martin on the stand and show that he had indemnity insurance on his automobile in the sum of $5,000.    They also offered to prove that defendants' counsel were not employed by appellants, but were employed by the insurance company, and offered to have one of appellants' counsel sworn and put upon the witness stand to prove this.    All of this was over the objection of appellants' counsel and in spite of their request to the court that such offers be not made in the presence of the jury.    Their objections were overruled and their requests denied, as was also their motion to withdraw the submission of the case and discharge the jury, all of which were made in proper and timely manner.

The examination of jurors on the *voir dire* to determine whether peremptory challenge shall be used is largely in the discretion of the trial court, and is

6.    limited by the good faith of the lawyer propounding the question.    We all know as men what this means, but we seem to have some difficulty with it as judges and as lawyers.    The purpose of the examination is not to disclose to the juror what the lawyer has in his mind so much as it is to enable the lawyer to find out what is in the juror's mind.    Many questions may be asked and considerable latitude may be and should be allowed to enable a party to a law suit to find out whether a juror has any interests, business associations, social opinions, preconceived notions, experiences or prejudices that will affect him as a juror in the particular case.    Usually in these inquiries counsel are

careful not to disclose their purpose. If they were as careful in cases where there is an indemnity insurance contract, they could find out whether any juror was interested either directly or indirectly in any indemnity company without disclosing to the jurors that such company has an interest in the litigation. Good faith marks the boundary line. It cannot be made more definite by written words. It must be very definite, however, in the mind of every thinking man. Defendants are not to be punished for having insurance. Under our law the insurance company is not a party. The line has been drawn in this state in *Inland Steel Co.* v. *Gillespie* (1913), 181 Ind. 633, 104 N. E. 76, and *M. O'Conner Co.* v. *Gillaspy* (1907), 170 Ind. 428, 83 N. E. 738. Counsel for appellee seem to think that these cases authorize an offer in the presence of the jury. They are mistaken. The offer, if required, is for the court. One of the grounds for reversal in *Inland Steel Co.* v. *Gillespie* was that the question propounded disclosed that the defendant was insured by an indemnity company.

It is insisted in the instant case that this error of misconduct was cured by an instruction. It is true that erroneous and extraneous matters sometimes get 8. into a law suit through the zeal of counsel, and, if checked at once by the trial court and the jury is instructed, this may be cured; but one party may not be permitted to get the other into a dying condition and then expect the court to revive him by instructions.

The evidence in this case showed that Richard W. Martin had no business or purpose to serve in allowing his automobile on the night of the accident in question to be driven back to Evansville. The evidence showed that he did not want it to go, but that, when he found that Mr. Schofield had to go back to his business, he permitted Schofield and the boy to take the car. The jury were instructed with these facts before them, that,

unless they found that the automobile at the time of the accident was being driven for appellant Richard W. Martin in his business, there could be no recovery. One would think that a question like this, submitted to a jury on this evidence without the influence of any outside matter, would lead twelve ordinary minds to find in favor of Richard W. Martin; but the jury returned a verdict against him for $4,000. No doubt a native shrewdness on the part of the jurors kept them from making it $5,000, the exact amount of the indemnity contract, concerning which they had been informed in the examination on the *voir dire.*

The misconduct of counsel was not cured by instructions in this case.

The judgment is reversed, with instructions to the trial court to sustain appellants' motion for a new trial.

NOTE.—Reported in 121 N. E. 443. Rights and duties of persons driving automobiles on highway, 13 Ann. Cas. 463, 21 Ann. Cas. 648, Ann. Cas. 1916E 661, 108 Am. St. 215. Automobile as inherently dangerous machine, 19 Ann. Cas. 1229. Liability of owner for act of driver other than his servant or child, Ann. Cas. 1916A 668. Trial: propriety of comment by counsel on the fact that defendant, other than master, in an action for negligence is insured against liability, Ann. Cas. 1914A 948.