## FISHER v. FLETCHER.

[No. 23,967. · Filed February 2, 1922.]

1. MASTER AND SERVANT.—*Automobiles.*—*Operation by Employe.*—*Liability of Master.*—Where a chauffeur, either with or without the consent of the owner employing him, uses an automobile for his own business or pleasure when not engaged at his regular duties, and inflicts injury on another by reason of his negligence in operating the car, the owner is not liable by reason of the relation of master and servant. p. 533.

2. BAILMENT.—*Bailor and Bailee.*—*Creation of Relationship.*—Where the owner of an automobile loans or hires it to another to be used by the latter in his personal business, or for his own pleasure, the relation of bailor and bailee is thereby created. p. 533.

3. MASTER AND SERVANT.—*Automobiles.*—*Employe's Use of as Compensation.*—*Liability of Master.*—A chauffeur who, as part of his wages or compensation was permitted to have full control and use of his employer's automobile for his own pleasure at times when he was not engaged at his regular duties, was a hirer of the automobile, paying for its use in services, and therefore a bailee, for whose negligence the employer as bailor was not liable to third persons. p. 534.

4. BAILMENT.—*Bailment of Automobile to Employe.*—*Injuries to Third Persons.*—*Bailor's Liability.*—Where a chauffeur was permitted to have the use of his employer's automobile at certain times under such circumstances to constitute him a bailee, the employer was not responsible for his negligence, while in possession of the machine as bailee, under the exception to the general rule existing when a bailor intrusts a dangerous article to one who he knows is incompetent to use due care, where the chauffeur was a skillful and experienced driver, though in the habit of becoming intoxicated, and while in that condition had been guilty of negligent and wrongful conduct, as automobiles are regarded as vehicles, and not as being in the same category as dangerous contrivances and agencies. p. 534.

5. BAILMENT.— *Automobiles.*— *Use of by Bailee when Intoxicated.*—*Injuries to Third Persons.*—*Bailor's Liability.*—Where a bailee of an automobile was not intoxicated or otherwise incapable of exercising due care in operating it when put in possession thereof, but subsequently became intoxicated, thereby converting the non-dangerous instrument into one liable to inflict injury without any action by the bailor or his participation therein, the presence of a responsible human agency rendered inapplicable the doctrine applying where a bailor entrusts a dangerous article to one who he knows is incompetent to use due care, and the bailee alone was liable for injuries inflicted in the operation of the automobile. p. 535.

From Rush Circuit Court; *Fred C. Gause*, Special Judge.

Action by Neelus L. Fisher against Stoughton A. Fletcher. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court to the Supreme Court under §1399 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*W. J. Beckett, Ryan & Ruckelshaus* and *W. F. Elliott*, for appellant.

*J. W. Fesler, Harvey J. Elam* and *Howard S. Young*, for appellee.

PER CURIAM.—This was an action by appellant against the appellee for damages. The complaint is in a single paragraph and alleges, in substance, among other things, that on May 29, 1909, and for at least one year prior thereto the appellee had in his employ as a chauffeur, one Frank Clemens, who was under the orders of appellee at all times, except occasionally he would be allowed to leave his regular work as such chauffeur, and to use his time as he saw fit for his own purposes and pleasure; that the appellee during such time would permit the said Clemens to have access to his garage, and full control of his large and powerful automobile, for use as he saw fit for his own pleasure, as

part compensation for his services as chauffeur; that
the appellee knew that the said Clemens was in the habit
of drinking intoxicating liquors to excess, and of becom-
ing intoxicated when he was released from his regular
work as aforesaid; that he knew that at said times the
said Clemens was in the habit of using appellee's said
automobile while intoxicated, and that the appellee
negligently consented to such use by the said Clemens
while he was in his employ; that appellee knew that the
said Clemens was a wild and reckless driver of his said
automobile, and would run the same, when in his charge,
at a high, dangerous and unlawful rate of speed; that
he knew that the said Clemens had been arrested, con-
victed and fined for driving said automobile in such a
manner while in his employ; that he knew that said
Clemens while in his employ, and prior to the grievance
hereinafter mentioned, had run his said automobile un-
lawfully against vehicles and persons on the streets of
the city of Indianapolis, and on the highways of Marion
county, that he knew that the said Clemens, when in
his employ, and while running his automobile at such
high and unlawful rate of speed, had collided with ob-
jects, and was an unfit person to be entrusted with an
automobile on the streets of said city and the highways
of said county; that he knew that it was dangerous to
permit said Clemens to have access to his said automo-
bile or to use the same, and that said Clemens was a
menace to the public upon the streets of said city and
highways of said county, while driving his automobile
thereon, by reason of the reckless and unlawful manner
in which he drove the same; that notwithstanding such
knowledge, the appellee continued said Clemens in his
employ, and negligently permitted him to use his said
automobile when not on regular duty, for his own pri-
vate and personal uses, purposes and pleasures; that on

the night of May 28, 1909, the said Clemens was not on regular duty as such chauffeur; that between nine and ten o'clock of said night, he took the appellee's said automobile from the garage on the premises where it was kept, and drove it to the city of Indianapolis, where he kept and used the same during the night, as was his custom when not on regular duty as chauffeur, and as was his privilege and right under his employment; that on the following morning about four o'clock while under the influence of intoxicating liquors, he started to return said automobile to the premises of the appellee; that while on his way there he drove said automobile south on South Meridian street in the said city at a high, dangerous and unlawful rate of speed, to wit: at fifty miles per hour, and on the east or left hand side thereof, in violation of an ordinance of said city which was at the time in full force; that the said Clemens, while in the said state of intoxication, and driving the automobile as aforesaid, negligently ran the same against the appellant's horse and wagon, while the appellant was driving the same north on the east side of said street, thereby killing said horse, and inflicting personal injuries on the appellant; that the said injuries were inflicted by reason of the negligence of the appellee in authorizing and permitting the said Clemens to have and use said automobile, when not on regular duty, as aforesaid. These allegations are followed by description of the appellant's injuries and a demand for damages in the sum of $15,000. A demurrer to this complaint for alleged want of facts sufficient to constitute a cause of action was sustained, and the appellant failing and refusing to plead further, judgment was rendered against him, and he perfected this appeal. The only error assigned is the sustaining of said demurrer to the complaint.

The rule is now firmly established in this state, in

harmony with the decisions in many other jurisdictions, that where a chauffeur, either with or without

1. consent of the owner, uses an automobile for his own business or pleasure, when not on regular duty, and inflicts injury on another by reason of his negligence in operating the automobile at such times, the owner cannot be held liable by reason of the relation of master and servant. *Premier Motor Mfg. Co.* v. *Tilford* (1915), 61 Ind. App. 164, 111 N. E. 645; *Martin* v. *Lilly* (1918), 188 Ind. 139, 121 N. E. 443; *Smith* v. *Weaver, Admx.* (1919), 73 Ind. App. 350, 124 N. E. 503; *Decker* v. *Hall* (1920), 72 Ind. App. 139, 125 N. E. 786.

In the case at bar the complaint shows that the chauffeur, Frank Clemens, whose negligent act caused the alleged injury, was not at the time engaged in any business for appellee or in any way acting as his agent or servant, but was using the automobile for his own convenience or pleasure, at a time when he was not engaged in his duties as chauffeur for the appellee. The complaint, therefore, fails to state a cause of action based on the relation of master and servant between the appellee and the said Clemens.

It is obvious that when the owner of an automobile loans or hires it to another to be used by the latter in his personal business, or for his own pleasure,

2. the relation of bailor or bailee is thereby created. *Spelman* v. *Delano* (1914), 177 Mo. App. 28, 163 S. W. 300; *Allen* v. *Coglizer* (1919), (Mo. App.) 208 S. W. 102; *Lloyd* v. *Northern Pac. R. Co.* (1919), 107 Wash. 57, 181 Pac. 29, 6 A. L. R. 307; *Gibson* v. *Bessemer, etc., R. Co.* (1910), 226 Pa. St. 198, 18 Ann. Cas. 535; *Currie* v. *Consolidated R. Co.* (1908), 81 Conn. 383, 71 Atl. 356.

It is alleged in the complaint that the appellee, as a part of the wages or compensation of the said Clemens,

would permit him to have full control of and use of his large and powerful automobile, to use as he saw fit for his own pleasure at such times as he was off from his regular duties. This averment, taken in connection with other allegations of the complaint, clearly shows that at the time the said Clemens committed the act of negligence resulting in appellant's injuries, he had hired the appellee's automobile, paying for its use in services, and by reason of such fact was a bailee thereof. It is a general rule that a bailor is not liable to third persons for injuries received through the bailee's negligent use of the property bailed. 2 Cyc 311; 5 Cyc 212; 38 Cyc 483; 6 C. J. 1151; 3 R. C. L. 145; *Bard & Wenrich* v. *Yohn* (1856), 26 Pa. St. 482; *Herlihy* v. *Smith* (1874), 116 Mass. 265; *New York, etc., R. Co.* v. *N. J., etc., R. Co.* (1897), 60 N. J. Law 338, 38 Atl. 828; *Woods* v. *Bowman* (1915), 200 Ill. App. 612; *McColligan* v. *Penn. R. Co.* (1906), 214 Pa. St. 229, 112 Am. St. 739.

An exception to this general rule is said to exist where the bailor has entrusted a dangerous article to one whom he knows to be unfamiliar with its dangerous quality, uninstructed in its use, or incompetent to use due care. 38 Cyc 483. This exception, however, can have no application in the case at bar for the following reasons:

It is well settled in this state, as in many others, that automobiles are vehicles, and that the law with regard to their operation and use is the same as the law with relation to other vehicles, except as expressly declared otherwise by statute, and that the same rules govern the loaning or hiring of an automobile for operation on a highway that apply to the loaning or hiring of a vehicle to be drawn by horses for such use. And that automobiles are not to be regarded as being in the same category with locomotives, ferocious animals, dynamite

and other dangerous contrivances and agencies. *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443.

It is not made to appear from the complaint that the said Clemens was uninstructed or inexperienced in the use of appellee's automobile, or that he was unfamiliar with the dangers attending such use on the public highways, or that he was incapable of operating the same skillfully, or incompetent to use care in so doing. It is only alleged that he was in the habit of becoming intoxicated, and that while in that condition he had been guilty of certain negligent and wrongful conduct but, notwithstanding such facts, he may have been an experienced and skillful operator of the automobile, and fully capable of exercising due care for the safety of others in using the highway. In view of the fact that the said Clemens was a bailee of appellee's automobile, at the time of the infliction of the injuries in question, he alone must be held liable for any damages resulting from his negligent operation of it at that time, in the absence of any showing of grounds for an exception.

But counsel assert that although an automobile, 5. within itself, may be harmless, a combination, consisting of an automobile and a drunken, reckless driver, constitutes a "dangerous agency," within the rule which applies to ferocious animals, and that since the complaint shows that such a combination was maintained and set in motion by the appellee, he is liable for the injuries resulting therefrom. But it does not appear that the said Clemens was put in possession of the automobile when he was intoxicated, or otherwise unable to exercise care in using it. The presence of a responsible human agency in this so-called combination, which converted the non-dangerous instrument into one liable to inflict injury without any action by appellee or his participation therein, renders the doctrine of which appellant seeks to avail himself inap-

plicable. The human agency involved, being a bailee. of the automobile in question at the time it inflicted the alleged injuries on appellant, must be held responsible for the infliction of such injuries, since no facts are alleged to take the case out of the operation of the general rule in that regard. And Frank Clemens, whose negligent operation of the automobile is alleged to have caused the injury, was not made a party to this action. The court did not err in sustaining appellee's demurrer to the complaint.

The judgment is affirmed.