ELLSWORTH v. LUDWIG, EXECUTRIX OF LE ROY LUDWIG, DECEASED.

[No. 20,117. Filed February 28, 1967. Rehearing denied March 21, 1967. Transfer denied November 1, 1967.]

438

*Bernard S. Schrager* and *Max Buntman* of South Bend, and *George S. Keller*, of Niles, Michigan, for appellant.

*William E. Mills* and *R. Kent Rowe*, of South Bend, for appellee.

SMITH, J.—This action arose in the Elkhart Circuit Court and involves a suit to recover damages for personal injuries sustained by the plaintiff-appellant, Barbara Ellsworth.

It appears from the record that appellant's husband, Kenneth Ellsworth, was well known in the community for his ability to consume alcoholic beverages, and he was known to exhibit this proclivity during working hours at his place of employment. Kenneth was employed as a truck driver by Le Roy Ludwig, the defendant-appellee. The defendant, now deceased, did business under the name of "Service Coal Company" in Elkhart, Indiana. Decedent's wife, Alma Ludwig, was substituted as party defendant by the trial court.

On September 9, 1958, Kenneth Ellsworth telephoned his employer from a tavern and asked for permission to drive the company truck to his home. When he approached his house about 4:30 p.m., his wife was sitting in the yard. Kenneth drove into the yard, over his wife and crashed into the house.

The plaintiff-appellant suffered severe injuries which resulted in the amputation of her left leg above the knee, and she sued in the court below for $200,000.00 damages.

Plaintiff did not sue her husband but proceeded against his employer, Le Roy Ludwig, upon the theory that the appellee was negligent in entrusting his truck to an unfit driver. Evidence was introduced to show that Kenneth was an unfit driver. A State Trooper who had examined him at the scene of the accident testified that at that time Kenneth was intoxicated. Several witnesses testified that Kenneth was known for his ability to consume large amounts of alcoholic beverages.

After the jury had returned a verdict of $90,000.00 for the appellant and judgment was rendered thereon, the trial court sustained the appellee's motion for a new trial. The appellant now maintains that the lower court erred in sustaining appellee's motion for a new trial.

The main issue in this cause is not the fact of Kenneth's unfitness as a driver, but whether the appellee-employer knew that Kenneth was unfit to drive when he entrusted the truck to him.

In *Fisher* v. *Fletcher* (1922), 191 Ind. 529, 133 N. E. 834, our Supreme Court held that in order to recover against the owner-bailor of a car, the borrower-bailee must be drunk at the very moment of the entrustment, and the bailor must have actual and immediate knowledge of this fact.

The appellant contends that because of social and automotive developments since 1922, the law expressed in *Fisher* v. *Fletcher, supra,* is no longer adequate. In view of the present need for highway safety he argues that the prior case law has been superseded by the existing entrustment statutes set out below.

Burns' Indiana Statutes Annotated, Sec. 47-2906, provides:

"No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by

any person who has no legal right to do so or in violation of any of the provisions of this act." (Emphasis supplied)

Burns' Indiana Statutes Annotated, Sec. 47-2306, provides:

"It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or *knowingly* to permit the operation of such vehicle upon a highway in any manner contrary to law." (Emphasis supplied)

Burns' Indiana Statutes Annotated, Sec. 47-1214, provides, in part,

". . . that operation by irresponsible persons or any other operation threatening the safety of the public or detrimental to the general welfare be prevented; . . . ."

It is the opinion of this Court that the above statutes are not inconsistent with nor do they supersede prior existing case law. The statutes' general theme is that one who entrusts a dangerous article to another, knowing that it will be used in such a manner as to endanger persons and property, is acting in violation of the statutes.

In *Opple et al* v. *Ray* (1935), 208 Ind. 450, 456, 195 N. E. 81, the court held that where a bailor entrusts a dangerous article to a bailee, knowing that it will be used in such a manner as to endanger persons and property, he is chargeable with negligence and answerable for all foreseeable injuries.

It is apparent that the above statutes substantially reiterate the case law set out in *Fisher* v. *Fletcher, supra,* and it is equally clear that under both case and statutory law the bailor must have actual knowledge of the bailee's propensity to act in a negligent manner.

In order to be liable for Kenneth's negligent act, the appellee must have known that he was unfit to drive and would use the truck in a negligent manner. We are unable to find any evidence that would support the element of "actual knowledge" which is required to impose liability. Evi-

dence which reveals that the appellee could have known or should have known of Kenneth's unfitness to drive is not sufficient under the present law to impose liability. Actual and immediate knowledge is required. We believe that the trial court was correct in the conclusion it evidently reached that there is not sufficient evidence to take this case out from under the rule laid down by the Supreme Court in *Fisher* v. *Fletcher, supra.* (See, *North Side Chevrolet, Inc.* v. *Clark* (1940), 107 Ind. App. 592, 25 N. E. 2d 1011.)

The appellee filed a brief on cross-error with our Court. He urges that there were other grounds which the trial court should have assigned as reasons for the sustaining of his motion for new trial. The appellee argues that the trial court should have included (1) the failure to sustain appellee's motion for a directed verdict, (2) failure to sustain the appellee's demurrer, and (3) the failure to withdraw submission of the cause from the consideration of the jury after allowing seven exhibits, highly prejudicial to the appellee, to be admitted into evidence and on the next day sustaining the appellee's objection to said exhibits.

These exhibits were court records showing that Kenneth's driver's license had been suspended for driving while intoxicated, and also that several later criminal convictions occurred when he drove without a license.

We are of the opinion that the error caused by the submission of these exhibits to the jury was not cured nor the prejudice to the appellee removed by the trial court's subsequent instruction telling the jury to ignore the exhibits and to erase their effect from their minds. We are further of the opinion that the prejudice caused by the exhibits was one of the reasons that the trial court sustained the appellee's motion for a new trial, and because of this fact, the error which occurred does not require that additional relief be given by this Court. *Taggart* v. *Keebler* (1926), 198 Ind. 633, 154 N. E. 485.

Because of the foregoing conclusions and reasons, we are of the opinion that the trial court did not commit reversible error by sustaining the appellee's motion for a new trial. The record presented to our Court does not support a judgment for the appellee, as was urged in the appellee's assignments on cross-error, nor is the evidence sufficient to permit a recovery by the appellant under the present law. We feel that a new trial should be had so that the issues and evidence may be clarified and also so that any errors which have occurred in the trial court may be erased.

Judgment affirmed.

Pfaff, P. J., and Bierly and Cook, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 764.