HAROLD V. HOWELL *v.* STATE OF INDIANA

[No. 3-578A102. Filed November 27, 1978.]

*William L. Burger,* of Fort Wayne, *Jerrald A. Crowell, Bowman, Crowell & Swihart,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Rollin E. Thompson,* Assistant Attorney General, for appellee.

HOFFMAN, J.—The trial court found appellant Howell guilty of requiring or knowingly permitting a driver of a vehicle to operate such vehicle upon a highway in a manner contrary to law, i.e., operating a vehicle with inadequate brakes, pursuant to IC 1971, 9-4-1-129:[1]

> "Offenses by persons owning or controlling vehicles.—It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of such vehicle upon a highway in any manner contrary to law. [Acts 1939, ch. 48, § 162, p. 289.]"

Appellant was fined $25 and costs. Appellant's sole argument on appeal is that the evidence is insufficient as a matter of law to sustain the conviction.

The evidence is that Howell was supervisor of an employee, one Gary Welch (Welch). On July 26, 1977, Welch was operating tractor-mower

---

1. ⸳Repealed by Acts 1978, P.L. 2, § 970.

#512 on U.S. Highway 30 following a mowing detail. When he was unable to stop the vehicle by applying the brakes, he drove between two vehicles at a stoplight causing property damage to said vehicles.

The evidence further shows that supervisor Howell had only three weeks prior to the accident involved herein suspended Welch after he had backed into a wall with mower #512 because the brakes had failed. Howell told Welch he was not to drive a tractor again.

It is uncontradicted that Howell was absent on July 26, 1977, and had been absent for at least a week prior to that date, suffering from an inner ear infection. It was also uncontradicted that no one had told Welch to take mower #512. Welch stated that he was to use another mower but it wouldn't start so he took #512. Welch took the tractor knowing the brakes were bad. There was unrefuted evidence that Howell had ordered mower #512 to be repaired and that it was in a special line where vehicles waiting for repairs were placed.

IC 1971, 9-4-1-129, *supra,* requires a showing that Howell *required* or *knowingly permitted* the operation of mower #512 on the highway. The evidence does not support a finding that anyone required Welch to drive the mower and certainly not Howell who had been absent for more than a week due to illness. And the only case construing the statute, *Ellsworth v. Ludwig, etc.* (1967), 140 Ind.App. 437, 223 N.E.2d 764, requires a showing of actual and immediate knowledge of the violation. Here, there is no evidence to establish that Howell had any knowledge concerning the operation of this vehicle in a manner contrary to law on July 26, 1977.

The judgment is reversed.

Reversed.

Garrard, P.J. and Staton, J. concur.

NOTE—Reported at 382 N.E.2d 984.