**Sandra STOCKER and Wenzell Stocker, Appellants (Plaintiffs),**

v.

**Michael P. CATALDI, P.J. [sic] Cataldi and Sharon Cataldi, Appellees (Defendants).**

**No. 3–1084–A–290.**

Court of Appeals of Indiana, Third District.

Feb. 26, 1986.

Transfer Denied May 28, 1986.

R. Cordell Funk, Hammond, for appellants.

Kenneth D. Reed, Hammond, for appellee R.J. Cataldi.

Frank J. Galvin, Jr., Bruce P. Clark, Galvin, Stalmack & Kirschner, Hammond, for appellee Sharon Cataldi.

### ON PETITION FOR REHEARING

STATON, Presiding Judge.

The Stockers' petition for rehearing, claiming that in our opinion of September 30, 1985, *Stocker v. Cataldi*, 483 N.E.2d 461 (1985), No. 3–1084–A–290, we failed to rule on the issue of negligent entrustment of a motor vehicle to one who the adult knows is incompetent. The Stockers concede that Mrs. Cataldi had no actual knowledge of her son's intoxication on the day she entrusted her automobile to him, but claim that liability should be imposed for negligent entrustment because she believed Michael was "irresponsible" and should not have a driver's license.

We write to clarify our rationale for affirming the trial court's grant of Mrs. Cataldi's motion for summary judgment.

■ The law in Indiana requires that the owner of an automobile will be liable for the negligent acts of one to whom the automobile has been entrusted only if the owner knows at the time of entrustment that the driver is incompetent to drive safely. *Fisher v. Fletcher* (1922) 191 Ind. 529, 133 N.E. 834; *Ellsworth v. Ludwig* (1967), 140 Ind.App. 437, 223 N.E.2d 764, *trans. den.*, 249 Ind. 4, 230 N.E.2d 612. By incompetent we interpret the case law to mean incapacitated (as in the case of intoxication), uninstructed in the use of the vehicle or unfamiliar with the dangers of such use.

■ In *Fisher, supra* the plaintiff alleged that the owner knew the driver "was in the habit of drinking intoxicating liquors to excess," and in the habit of using the owner's automobile while intoxicated; that the driver was a "wild and reckless driver of ... said automobile" and that the driver "had been arrested, convicted, and fined for driving said automobile in such manner...." *Id.*, 133 N.E. at 834. The Supreme Court, nevertheless, held that the owner could not be liable for the driver's negligence where it did not appear that the driver was put in possession of the automobile when he was intoxicated or otherwise unable to exercise care in using it. *Id.*, 133 N.E. at 836.

In a similar case, *Ellsworth v. Ludwig, supra,* the Court of Appeals relied upon *Fisher* in holding that the owner must have actual and immediate knowledge of the driver's unfitness to drive when the vehicle is entrusted. The court also held that it was error to admit evidence that the driver's license had been suspended for driving while intoxicated and that several later criminal convictions occurred while he drove without a license. The court held that evidence which reveals that the owner could have known or should have known of the driver's unfitness to drive is not sufficient under present law to impose liability. *Ellsworth v. Ludwig, supra,* 223 N.E.2d at 766. This was so despite the fact that the owner was the driver's employer and the driver was well known for his ability to consume large amounts of alcoholic beverages and known to exhibit this proclivity

during working hours at his place of employment where he was a truck driver.

In each of the cases above it was not enough that the owner of the vehicle knew the driver was irresponsible or even reckless, the owner would had to have known that the driver was unfit *at the time of entrustment.* The evidence in the case at bar does not show that Mrs. Cataldi knew, when she entrusted her car to Michael, that he was unfit in the sense of being incapacitated or incapable of exercising due care. If a higher standard of care is to be imposed upon the owner of a car charged with negligently entrusting it to another, it is for the Supreme Court and not this court to announce such a change.

Petition for Rehearing Denied.

Petition for rehearing by R.J. Cataldi is also denied.

HOFFMAN and GARRARD, JJ., concur.