James **SUTTON** and Steve E. Purlee, Defendants–Appellants,

v.

Cynthia **SANDERS**, Individually and as the Parent of Richard G. Sanders, Richard G. Sanders, Plaintiffs–Appellees.

No. 36A01–8912–CV–497.

Court of Appeals of Indiana, First District.

July 24, 1990.

Kerry Thompson, Everitt, Houston & Thompson, Scottsburg, for defendants-appellants.

David P. Allen, Allen, Allen & Allen, Salem, for plaintiffs-appellees.

BAKER, Judge.

## STATEMENT OF THE CASE

Pursuant to Ind. Appellate Rule 4(B)(6), Defendant-appellants James Sutton (Sutton) and Steve Purlee (Purlee) bring this interlocutory appeal of the denial of their motion for summary judgment.

We affirm in part and reverse in part.

## STATEMENT OF THE FACTS

Richard G. Sanders (Sanders) was injured in an automobile accident on March 22, 1986. At the time of the accident, he was a passenger in Sutton's automobile which was being operated by Purlee. Sutton was one of five occupants of the car. All of the car's occupants had been drinking prior to the accident. After the head-on collision, the five occupants of the car agreed to state that Sutton was driving the car rather than Purlee, the actual driver. Sanders and his mother Cynthia Sanders (Cynthia) filed a complaint against Sutton on December 11, 1987 alleging that Sutton was the driver of the vehicle in which Sanders was riding at the time of the accident.[1] The complaint further alleged that Sutton's negligent operation of the vehicle resulted in injuries to Sanders and resulted in the payment of medical expenses on behalf of Sanders by Cynthia.

In March, 1989, Sutton was deposed, at which time he admitted that he was not the driver of the car and that Purlee had been driving at the time of the accident. The trial court allowed Sanders and Cynthia to amend their complaint to show that Purlee was the driver and to allege that Sutton was liable for Purlee's negligence. Purlee and Sutton moved for summary judgment on the bases that there were no facts before the court to support a finding that Sutton could be found liable for Purlee's negligence, and that the statute of limitations had expired on the claim against Purlee prior to the filing of the amended complaint. The trial court denied the motion.

## ISSUES

Sutton and Purlee present two issues for our review:

I. Whether the trial court erred in finding there were facts to support a cause of action against Sutton based upon his action of allowing Purlee to drive the vehicle.

II. Whether the trial court erred in allowing the amended complaint adding a claim against Purlee to relate back to the filing date of the original complaint.

## DISCUSSION AND DECISION

Disposition of a case by summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. When reviewing the propriety of summary judgment, this court applies the same standards as the trial court. The pleadings, depositions, answers to interrogatories, admissions, and affidavits

---

**1.** Cynthia's complaint was made individually and as the mother of Sanders.

filed with the court are viewed in the light most favorable to the non-moving party. The movant bears the burden of establishing the propriety of the motion. *Hatton v. Fraternal Order of Eagles* (1990), Ind. App., 551 N.E.2d 479. The summary judgment procedure must be applied with caution so that a party's right to a fair determination of a genuine issue of material fact is not jeopardized. *St. Paul Fire & Marine v. Pearson Const.* (1989), Ind.App., 547 N.E.2d 853.

### I.

■ Sanders and Cynthia allege Sutton is liable for Sanders' injuries on a negligent entrustment or agency theory of liability. To establish a negligent entrustment claim against an owner of a vehicle, the plaintiff must show that the owner entrusted the vehicle to a driver with knowledge that the driver was incompetent to drive the vehicle. *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164 aff'd, 543 N.E.2d 627 (1989). A person who is intoxicated, uninstructed in the use of the vehicle, or unfamiliar with the dangers of such use could be considered incompetent to drive safely. *Stocker v. Cataldi* (1986), Ind.App., 489 N.E.2d 144, *trans. denied.* The owner of the vehicle must have actual and immediate knowledge of the driver's unfitness to drive at the time of the entrustment. *Id.*

■ The negligent entrustment action in this case is based upon the contention that Sutton knew Purlee was intoxicated at the time he entrusted the vehicle to him. Sutton and Purlee agree Purlee was driving with Sutton's consent, and there is some indication Purlee may have been driving at Sutton's request. Sutton contends that although all five people had been drinking, Purlee did not have too much to drink. In his deposition, Sutton stated: "[J]eff wanted all of us to stay cause he felt all of us had too much to drink but [Purlee] I don't feel like he had that much to drink. He did, but I think he could drive...." *Record* at 56. Sutton also stated that they were all under the influence of alcohol. Sanders testified at his deposition that the

five of them had consumed two cases of beer in approximately three hours. Purlee testified at the hearing on the summary judgment motion that Sutton knew he had been drinking that evening and that Purlee's breathalyzer reading later that evening was .05%. The evidence before the court presented a material issue of fact concerning Sutton's knowledge of Purlee's state of intoxication. Summary judgment was therefore properly denied.

■ In addition, Sanders and Cynthia allege an agency relationship was in existence between Sutton and Purlee. To establish an agency relationship, the ability of the principal to control the activities of the agent and the agreement of the agent to act for or on behalf of the principal must be shown. *Jack Ward Chevrolet, Inc. v. Mikel* (1988), Ind.App., 525 N.E.2d 349, *trans. denied.* The liability of an automobile owner for injuries caused when the automobile is driven by another does not have to be predicated on an agency relationship in the exact legal sense of the term; a relationship of a similar nature is sufficient if the driver was acting for the benefit and under the direction of the owner. *Id.* The owner's presence in his automobile is a properly considered element when determining the owner's liability for damages resulting from negligent operation of the vehicle. *Grinter v. Haag* (1976), 168 Ind.App. 595, 344 N.E.2d 320.

■ There is no question that Purlee was driving with Sutton's permission, although it is not clear whether Sutton requested Purlee to drive or whether Purlee stated he would drive and Sutton agreed. Sutton was in the car with Purlee the entire time Purlee was driving and Purlee acknowleged that Sutton had the right to control the vehicle. In response to questions about Sutton's control over the vehicle Purlee stated "It's because whatever [Sutton] told me to do I would do. If he told me to stop, I would probably stop." *Record* at 165. The question whether or not the driver was acting as agent for the owner of the vehicle is usually a question of fact for the jury. *Grinter, supra.* There are material facts in issue concern-

ing Sutton's liability for Purlee's negligence on an agency theory, and summary judgment was properly denied.

## II.

Purlee and Sutton argue the claim against Purlee in the amended complaint was not filed within the statute of limitations and that it does not relate back to the time of the original filing pursuant to Ind. Trial Rule 15(C).[2] We agree.

T.R. 15(C) states:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

It is clear that the claim in the amended complaint arose out of the conduct set forth in the original complaint. It is not clear that Purlee (the party being added by the amendment) received notice of the institution of the action within the statute of limitations period.

"T.R. 15(C)(1) does not require process or that a summons be served before the statute of limitations has expired. What is required is such notice of the institution of the action that the added defendant will not be prejudiced in maintaining his defense on the merits." *Waldron v.*

*Wilson* (1989), Ind., 532 N.E.2d 1154, 1156. Here the only evidence on this issue is Purlee's own testimony that he did not receive any notice of the lawsuit involving this incident until March of 1989, well beyond the statute of limitations period.[3] Purlee testified that he had some knowledge of a claim against Sutton's insurance company because he read something about it in a newspaper. There was no evidence that he read this within the two-year period after the accident. In a motion for summary judgment, the non-movant may not rest upon the allegations or denials of his pleadings, but must respond with affidavits or other evidence setting forth specific facts showing there is a genuine issue in dispute. *Willsey v. Peoples Federal Sav. & Loan* (1988), Ind.App., 529 N.E.2d 1199, *trans. denied.* Cynthia and Sanders failed to bring forth any evidence showing Purlee had notice of the institution of the action within the limitation period. The addition of Purlee in the amended complaint does not comply with T.R. 15(C).

This does not end our inquiry, however. The statute of limitations can be extended under some circumstances, including the existence of a legal disability, death in some instances, and concealment. *Walker v. Memering* (1984), Ind.App., 471 N.E.2d 1202. IND.CODE 34–1–2–9 states "If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action." The concealment statute will extend a party's time to file a suit only when the opposing party actively and intentionally conceals the cause of action. *Dotlich v. Dotlich* (1985), Ind.App., 475 N.E.2d 331, 341, *trans. denied.* It must appear that the facts were misrepresented to or concealed from the party by some positive acts or declarations when inquiry was be-

---

**2.** Sutton and Purlee do not question the propriety of the amended claim against Sutton.

**3.** The accident occurred on March 22, 1986. The two year period of limitation under IND. CODE 34–1–2–2(1) expired on March 22, 1988 as

to Cynthia's claim. The period of limitation for Sanders' claim was extended to December 4, 1988 because he was under 18 at the time of the accident. *See* IND.CODE 34–1–2–5.

ing made or information sought. *Basinger v. Sullivan* (1989), Ind.App., 540 N.E.2d 91.

Purlee clearly actively concealed the cause of action when he participated in the statement to the police officer that Sutton was driving the vehicle. It is uncontroverted that Purlee concealed the fact that he was driving the vehicle. He did not inform the police officer investigating the accident or Cynthia that he was driving. Cynthia began to hear rumors that Sutton was not the driver of the car in December of 1988, and Sutton admitted this fact in March of 1989 during a deposition. It was at this time that the statute of limitations began to run. Cynthia amended her complaint to add Purlee as a defendant in April of 1989. The action was thus timely brought and summary judgment was properly denied as to her claim.

Sanders' claim stands on a different footing. Purlee did not conceal the fact that he was driving from Sanders; Sanders was in the vehicle and aware that Purlee was driving at the time of the accident. IND.CODE 34–1–2–9 thus does not apply to Sanders' claim, and the statute of limitations was not extended for his claim against Purlee. Since Sanders' claim against Purlee did not relate back to the date of the original filing pursuant to T.R. 15 and the limitation period was not extended for his claim, summary judgment in favor of Purlee on this claim was improperly denied.

Judgment affirmed in part and reversed in part, with instructions to the trial court to enter summary judgment in favor of Purlee on Sanders' claim.

RATLIFF, C.J., and STATON, J., concur.